UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ROBERT BROOKS,

      Petitioner,

  -against-

J.T. SMITH, SUPERINTENDENT OF ULSTER
COUNTY CORRECTIONAL FACILITY,

      Respondent.
------------------------------------------------------------X

REPORT and RECOMMENDATION

02 Civ. 6115 (DAB)(KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/06

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

The petitioner, Robert Brooks ("Brooks"), has made an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Brooks contends that his arrest by New York City police officers, which led to his subsequent conviction, was without probable cause and, further, that he was the victim of an illegal search. As a consequence, Brooks maintains that his confinement by the state of New York is unconstitutional and warrants the court in granting his application for the writ.

The respondent opposes Brooks' application for a writ of habeas corpus. The respondent contends that Brooks' allegations, that his confinement is in contravention of rights secured to him under the Fourth Amendment to the Constitution, are matters that were fully litigated by Brooks in the trial court through a pretrial motion and hearing. Therefore, according to the

respondent, Brooks' Fourth Amendment claims are precluded from review in this court through his application for the writ.

## II. BACKGROUND

An undercover New York City police detective, acting as part of a "buy and bust" team of officers, approached two individuals on a street in the Bronx County, New York, in an attempt to purchase heroin. The persons the detective approached directed him to Brooks, from whom the detective secured two glassine packets of heroin in return for $20 in pre-recorded buy money. At the conclusion of the transaction, the detective communicated, via radio, with other officers who were part of the "buy and bust" team. The undercover detective provided those officers with a description of the three persons who had participated in the heroin sale transaction. The officers who received the radio transmission from the undercover detective went to the scene of the transaction immediately and apprehended three persons who fit the respective descriptions that had been communicated to them by the undercover detective. Brooks was one of the three persons seized at that time.

Shortly after the three were apprehended and while they remained at the scene of the transaction in police custody, the undercover detective drove to the location where he had purchased the heroin and confirmed for his colleagues that they had seized the three persons whose descriptions he had broadcast to them earlier. Thereafter, Brooks was searched and five glassine packets of heroin bearing the same brand name and insignia as those which were purchased by the undercover detective were recovered from him along with United States currency. Among the currency recovered from Brooks were $20 in pre-recorded buy money that

the undercover detective used when he purchased the two glassine packets of heroin from Brooks.

A Bronx County grand jury returned an indictment against Brooks. Prior to proceeding to trial before a petit jury, Brooks made a motion to suppress: (a) testimony concerning the identification of him by the undercover detective as the seller of the heroin; and (b) all physical evidence seized from him at the time of his arrest. Brooks also asked the trial court to determine whether probable cause existed for his arrest. The trial court held a combined Mapp-Dunaway hearing based upon Brooks' motion.[1] At the conclusion of the hearing, the trial court denied Brooks' suppression motion. The court also determined that the arresting officer had probable cause to seize Brooks.

Brooks proceeded to trial and was convicted for criminal sale of a controlled substance in or near school grounds, in violation of New York's Penal Law § 220.44(2) and criminal sale of a controlled substance in the third degree, in violation of New York's Penal Law § 220.39(1). Based upon the jury's verdict, the trial court sentenced Brooks to concurrent indeterminate terms of imprisonment of from 4-12 years for violating Penal Law § 220.44 and 2-6 years for violating Penal Law § 220.39.

Brooks appealed from the judgment of conviction to the New York State Supreme Court, Appellate Division, First Department. Before that court, Brooks argued that his conviction should be overturned because: (1) his arrest, as well as the search of his person, were made by

---

[1] A hearing held pursuant to Mapp v. Ohio, 367 U.S. 643, 655, 81 S. Ct. 1684, 1691 (1961), and Dunaway v. New York, 442 U.S. 200, 99 S. Ct. 2248 (1979), addresses whether probable cause existed for the arrest (seizure) of a person, and whether tangible evidence obtained as a result of the arrest should be suppressed at trial.

police officers without probable cause. According to Brooks, this was so because testimony given by the arresting officer at the pretrial suppression hearing was "patently false and tailored to overcome constitutional objections." Moreover, the remaining evidence adduced by the prosecution was not sufficient to support a finding of probable cause; and (2) insufficient evidence was presented to support the jury's verdict and the verdict was against the weight of the evidence adduced at the trial.

The Appellate Division affirmed Brooks' conviction. That court found that: (a) Brooks' pretrial suppression motion was properly denied by the trial court; (b) the evidence presented at his trial was legally sufficient to support the verdict; and (c) the verdict was not against the weight of the evidence. See People v. Brooks, 279 A.D.2d 429, 430, 719 N.Y.S.2d 848, 849 (App. Div. 1st Dep't 2001). Brooks sought leave to appeal from the determination of the Appellate Division to the New York Court of Appeals. That application was denied. See People v. Brooks, 96 N.Y.2d 860, 730 N.Y.S.2d 34 (2001).

Brooks mounted a collateral attack upon the judgment of conviction by making a motion in the trial court, pursuant to New York's Criminal Procedure Law ("CPL") §§ 440.10(d) and (h). Brooks urged the trial court to grant his motion because: (i) material evidence presented at his trial, specifically, the pre-recorded buy money, was falsified; and (ii) ineffective assistance was rendered to Brooks by his trial counsel because counsel "knew of the falsification of the evidence adduced at trial" but "neglected to introduce [a] pretrial motion to suppress the evidence and allegations of tampering with the pre-recorded buy money" or to "introduce a motion to dismiss premised upon the contentions [respecting the pre-recorded buy money]." The trial court denied Brooks' motion to vacate the judgment of conviction. That court explained that Brooks'

allegations regarding the pre-recorded buy money were asserted by him in his direct appeal to the Appellate Division following the conclusion of his trial. The trial court noted that, inasmuch as the Appellate Division implicitly rejected the arguments made by Brooks concerning the pre-recorded buy money and the same arguments were being raised in the motion to vacate the judgment of conviction, the court was constrained by CPL § 440.10(2)(a) to deny the motion. The trial court rejected Brooks' claim that he received ineffective assistance from his trial counsel because counsel did not move, pretrial, to suppress evidence regarding the pre-recorded buy money that had been seized from Brooks at the time of his arrest. The trial court reminded Brooks that such a motion had been made and that a <u>Mapp</u> hearing had been conducted by the court prior to the commencement of Brooks' trial. With respect to Brooks' allegation that his trial counsel rendered ineffective assistance to him because he did not argue that the arresting officer tampered with the pre-recorded buy money, the trial court found no reason to grant Brooks the relief he sought since Brooks' appellate attorney had raised this argument in his brief to the Appellate Division without success. Therefore, as noted above, the trial court determined that the relevant provision of New York's CPL did not permit it to grant Brooks the relief he sought through that branch of his motion. The instant application for a writ of habeas corpus followed.

### III. DISCUSSION

In his petition, Brooks claims that his arrest by New York City police officers was effected without probable cause, in violation of the Fourth Amendment. He claims further that the search of his person, following his seizure, was also violative of the Fourth Amendment. As noted above, these claims were addressed by the trial court in a combined <u>Mapp-Dunaway</u>

hearing that was held in response to Brooks' pretrial suppression motion. The trial court concluded that neither Brooks' arrest nor the post-arrest search of his person contravened the Fourth Amendment. The Appellate Division concurred in the determination reached by the trial court on Brooks' suppression motion.

In <u>Stone v. Powell</u>, 428 U.S. 465, 481-82, 96 S. Ct. 3037, 3046 (1976), the United States Supreme Court held that "where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." The bar imposed on federal courts by <u>Stone</u> is applicable to claims made under <u>Dunaway</u>. See <u>Walker v. Walker</u>, 259 F. Supp. 2d 221, 225 (E.D.N.Y. 2003). In this judicial circuit, "federal courts can review the Fourth Amendment claims otherwise precluded by <u>Stone</u> only (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism but the defendant was precluded from using that mechanism because of an unconscionable break-down in the underlying process." <u>Montero v. Sabourin</u>, No. 02 Civ. 8666, 2003 WL 21012072, at *5 (S.D.N.Y. May 5, 2003)(quoting <u>Capellan v. Riley</u>, 975 F.2d 67, 70 [2d Cir. 1992]).

Furthermore, where a state court has adjudicated the merits of a claim raised in a federal habeas corpus petition, 28 U.S.C. § 2254 informs that a writ of habeas corpus may issue only if the state court's adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See 28 U.S.C. § 2254(d); <u>see also</u> <u>Williams v.</u>

Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000); Francis S. v. Stone, 221 F.3d 100 (2d Cir. 2000). In addition, when considering an application for a writ of habeas corpus by a state prisoner, a federal court must be mindful that any determination of a factual issue made by a state court is to be presumed correct and the habeas corpus applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

CPL §§ 710 *et seq.* provide a procedure for litigating Fourth Amendment claims. Specifically, CPL § 710.60 provides for a pretrial hearing, or hearings, to determine whether evidence sought to be used at trial is inadmissible because it violates the rules set forth in Mapp and Dunaway. In this case, Brooks availed himself of these procedures by filing a pretrial motion seeking, *inter alia*, the suppression of the evidence seized at the time of his arrest and a hearing to determine whether the arresting officer had probable cause to seize him. The trial judge determined that both a Mapp and a Dunaway hearing should be held and, therefore, granted Brooks' motion for those hearings. At the combined hearing, the matter of whether probable cause existed to arrest the petitioner was fully explored through questioning of the arresting officer. In addition, the hearing explored the propriety of receiving in evidence at the trial: (a) testimony respecting the identification of Brooks as the seller of heroin to the undercover detective; and (b) heroin and pre-recorded buy money recovered from Brooks at the time of his arrest.

Based on the above, the Court finds that the petitioner had a full and fair opportunity, in state court, to litigate his claims concerning the propriety of his arrest and the search of his person. Consequently, no basis exists upon which to conclude that the petitioner was precluded

from using the relevant state corrective mechanism because of an "unconscionable breakdown" in the process.

In addition, Brooks sought and received further review of his Fourth Amendment claims by way of the direct appeal of his conviction. The Appellate Division affirmed the conviction and petitioner's application for leave to appeal to the New York Court of Appeals was denied. Therefore, since the petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in both the trial and appellate courts of the state, habeas corpus review of those claims is precluded.

As noted above, the standard of review set forth in the federal habeas corpus statute is limited to claims that were "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). "A state court 'adjudicates' a petitioner's federal constitutional claims 'on the merits' when 'it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment.'" Norde v. Keane, 294 F.3d 401, 410 (2d Cir. 2002) (quoting Sellan v. Kuhlman, 261 F.3d 303, 312 [2d Cir. 2001]). The Second Circuit has "given a broad reading to state court dispositions, noting that '[a] state court need only dispose of the petitioner's federal claim on substantive grounds, and reduce that disposition to judgment. No further articulation of its rationale or elucidation of its reasoning process is required.'" Id. (quoting Aparicio v. Artuz, 269 F.3d 78, 93-94 [2d Cir. 2001]). In fact, an issue raised may be considered adjudicated on its merits "even when the state court does not specifically mention the claim but uses general language referable to the merits." Id.

All of the claims presented by the petitioner in his application for habeas corpus relief were adjudicated on the merits by the Appellate Division. Brooks has not identified how the

Appellate Division's determination on his Fourth Amendment claims was contrary to or involved an unreasonable application of clearly established Federal law. Moreover, he has not shown how that court's decision on his appeal was grounded on an unreasonable determination of the facts in light of the evidence presented at his trial. Having failed to meet the burden imposed upon him by statute, see 28 U.S.C. § 2254(d), Brooks is not entitled to habeas corpus relief based on his claims that his Fourth Amendment right to be free from unlawful searches and seizures was violated.

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that the petitioner's application for a writ of habeas corpus be denied.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Batts. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Reynoso,

968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
      December 30, 2005

RESPECTFULLY SUBMITTED,

_/s/ Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Robert Brooks
Daniel B. Navabpour, Esq.